GRAHAM M. HELM, CA Bar No. 316002
graham.helm@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:    415-442-4810
Facsimile:    415-442-4870

Attorneys for Non-Party Dana Welch

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation;<br><br>                    Plaintiff,<br><br>      v.<br><br>ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual,<br><br>                    Defendants.<br><br>ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual,<br><br>                    Counter-Plaintiffs,<br><br>      v.<br><br>UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation; ARUZE USA, a Nevada corporation; and JUN FUJIMOTO, an individual,<br><br>                    Counter-Defendants. | Case No. 3:22-mc-80339<br><br>**NON-PARTY DANA WELCH'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><br>Date:<br>Time:<br>Ctrm.:<br><br>Judge: |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, 2022, at _____ __.m. or as soon thereafter as the matter may be heard in Courtroom ___, of the above-entitled Court located at _____, Non-Party Dana Welch ("Welch") will and hereby does move as follows:

Pursuant to Fed. R. Civ. P. 45(d)(3)(A), Ms. Dana Welch ("Ms. Welch") respectfully moves to quash the subpoena (the "Subpoena") Plaintiff Universal Entertainment Corporation ("UEC") served on counsel to Ms. Welch dated November 1, 2022. (*See* Declaration of Kathryn C. Newman in Support of Notice of Motion and Motion to Quash Subpoena ("Newman Decl."), ¶ 4, Ex. A.) The deposition was scheduled for December 5, 2022, in the Northern District of California. (*Id.*)

This case arises out of litigation pending in the United States District Court for the District of Nevada, entitled *Universal Entertainment Corp. v. Aruze Gaming Amer., Inc.*, Case No. 2-18-cv-00585-RFB-NJK ("Nevada Case"). Ms. Welch, who resides within the Northern District of California, is not a party to the litigation.

Through counsel, UEC served Ms. Welch with a Notice of Deposition setting her deposition on December 5, 2022, in San Francisco, California. (Newman Decl., Ex. A.) Ms. Welch filed a Motion to Quash the deposition in the pending Nevada Case. (*See* Newman Decl., Ex. B [Nevada Case, ECF No. 630].) The United States Magistrate Judge vacated the December 5, 2022, deposition pending the resolution of motion to quash. (*Id.*, Ex. C [Nevada Case, ECF No. 631].) UEC argued in its response and opposition to the motion that the appropriate venue for the motion was the Northern District of California, pursuant to Rule 45(d)(3), Federal Rules of Civil Procedure. (*Id.*, Ex. D [Nevada Case, ECF No. 641].) Ms. Welch has through January 9, 2023, within which to file a reply in support of her motion. (*See Id.*, Ex. E [Nevada Case, ECF No. 651.) In an abundance of caution, Ms. Welch brings her motion before this Court.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Kathryn C. Newman, and Request for Judicial Notice served and filed concurrently herewith and all exhibits attached thereto, all pleadings, records and

papers on file in this action and the Nevada Case, and such other further evidence and arguments as may be presented at the time of the hearing on this matter.

DATED:  December 22, 2022                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


                                             By:  /s/ Graham M. Helm
                                                  GRAHAM M. HELM
                                                  Attorneys for Non-Party Dana Welch

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should quash UEC's subpoena because Ms. Welch plainly is not subject to discovery in this case for two independent reasons. *First*, the subpoena seeks disclosure of privileged and confidential information. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii). UEC presumably seeks discovery concerning Ms. Welch's service as an arbitrator in a proceeding administered by CPR (the "Arbitration"), to which Kazuo Okada ("Mr. Okada"), a Defendant in this case, was party. Yet, applicable jurisprudence uniformly demonstrates that Ms. Welch is entitled to immunity from discovery as to matters related to the performance of her duties as arbitrator. *Second*, the subpoena is unduly burdensome. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). To the extent that events in the arbitration are relevant to UEC's defenses in the instant action, those events are set forth in the arbitration award and the Seventh Circuit decision confirming it. *See Bartlit Beck LLP v. Okada*, 25 F.4th 519 (7th Cir. 2022).

## II. STATEMENT OF FACTS

On August 23, 2018, UEC filed its Second Amended Complaint ("SAC"), now the operative complaint, against Aruze Gaming America, Inc. ("Aruze") and Mr. Okada (together, the "Defendants") alleging patent infringement, tortious interference with prospective economic advantage, breach of fiduciary duty, fraudulent misrepresentation, and unjust enrichment. (Newman Decl., Ex. F [Nevada Case, ECF No. 43, at 20-38].)

On November 11, 2018, Defendants filed their amended answer to the complaint, asserting eighteen counterclaims, including a claim for indemnification of legal fees (the "Indemnification Counterclaim"). The legal fees relate to Barlit Beck LLP's ("Bartlit") representation of Mr. Okada in a lawsuit that Wynn Resorts, Limited ("Wynn") brought against Mr. Okada, UEC, and Aruze alleging "improper conduct pertaining to the development of UEC's casino resort in Manila, Philippines[.]" (Newman Decl., Ex. G [Nevada Case, ECF No. 58 ("Answer"), ¶ 55].) As the Seventh Circuit described,

> In 2017 Okada hired Barlit Beck to represent him in a multi-billion-dollar lawsuit against Wynn Resorts and its then-CEO, Steve Wynn. But when the Wynn litigation settled in Okada's favor for $2.6

> billing, Okada refused to pay the $50 million contingent fee specified in the parties' engagement agreement. That agreement included an arbitration clause, and so Bartlit Beck initiated arbitration before the International Institute for Conflict Prevention and Resolution ("CPR"), the forum agreed upon by the parties.

*Bartlit Beck LLP v. Okada*, 25 F.4th 519, 521 (7th Cir. 2022). Ms. Welch served on the arbitration panel (the "Panel"), which ruled in favor of Bartlit. The Seventh Circuit confirmed the Panel's award. *Id.* at 526.

In this proceeding, Mr. Okada claims that, because the Wynn lawsuit "stemmed from his role as a director of UEC and Aruze, both UEC and Aruze had a duty to indemnify Mr. Okada from all legal expenses and costs[.]" (Newman Decl., Ex. G [Nevada Case, ECF No. 58, at ¶¶ 56-59].) On November 1, 2022, UEC served a subpoena on Ms. Welch's counsel seeking Ms. Welch's testimony at a deposition on December 5, 2022. (*Id.*, Ex. A.) Counsel for Ms. Welch and counsel for UEC met telephonically and conferred on October 27, 2022, in advance of the issuance of the subpoena, but were unable to resolve the matter without Court action. (Newman Decl., ¶ 3.)

### III. LEGAL ARGUMENT

Under Rule 45, the Court must grant a timely motion to quash or modify a subpoena that: (i) "requires disclosure of privileged or other protected matter if no exception or waiver applies;" or (ii) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Both of these circumstances are present here.

#### A. The Subpoena Seeks Disclosure of Privileged or Protected Information

CPR and Ms. Welch move to quash the subpoena because it seeks information protected from disclosure by arbitrator immunity. Fed. R. Civ. P. 45(d)(3)(A)(iii). In this case, the Court in the Nevada Case ruled that it had supplemental jurisdiction over the Indemnification Counterclaim. (Newman Decl., Ex. H [Nevada Case, ECF No. 201, at 29-30].) Therefore, federal common law determines the privileges applicable in this case. *See* Fed. R. Civ. P. 501. The Court, however, can look to Nevada state law to supplement federal common law. *D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp.*, 315 U.S. 447, 471 (1942) (Jackson, J., concurring). Here, the doctrine of arbitrator immunity protects Ms. Welch from discovery and no exception to that immunity applies.

*First*, courts have routinely recognized that "federal common law . . . extends judicial immunity to arbitrators and arbitral organizations," and that "[t]his includes immunity from testifying in a subsequent proceeding, absent evidence of arbitrator misconduct." *Sanzaro v. Aridente Homeowners Ass'n, LLC*, Case No. 2:11-cv-01143-RFB-CWH, 2017 WL 6759613, at *1, n. 3 (D. Nev. Mar. 30, 2017) (Hoffman, M.J.) (citing *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 430-31 (9th Cir. 1996) (holding district court did not abuse its discretion in denying the deposition of an arbitrator)); *see also Woods v. General Teamsters Union, Local 406*, 583 F. Supp. 1471, 1473–74 (W.D. Mich. 1984) (finding that arbitrator was "not competent to testify" and noting that it is "the fact that the arbitrator is subject to questioning at all which is important" because "[a]rbitrators would be subject to almost constant harassment if courts allowed them to be called as witnesses"). As the Ninth Circuit explained in *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987),

> The functional comparability of the arbitrators' decision-making process and judgments to those of judges and agency hearing examiners, to whom immunity is extended, generates the same need for independent judgment free from the threat of lawsuits. As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants. Because federal policy encourages arbitration and arbitrators are essential in furthering that policy, it is appropriate that immunity be extended to arbitrators for acts within the scope of their duties and within their jurisdiction.

Indeed, for these reasons, the "deposition of arbitrators are 'repeatedly condemned' by courts" and "'limited to situations where clear evidence of impropriety has been presented.'" *Woods*, 78 F.3d at 430 (quoting *O.R. Securities, Inc. v. Professional Planning Assocs., Inc.*, 857 F.2d 742, 748 (11th Cir. 1988) and *Andros Compania Maritima v. Marc Rich & Co.*, 579 F.2d 691, 702 (2d Cir. 1978)); *Stevens v. Jiffy Lube Int'l, Inc.*, No. 16-CV-07175-EMC, 2017 WL 1330511, at *4 (N.D. Cal. Apr. 11, 2017), *aff'd*, 911 F.3d 1249 (9th Cir. 2018) (following *Woods*).

Moreover, the Nevada Uniform Arbitration Act, which enshrines arbitrator immunity under Nevada Law, supports the application of arbitrator immunity in this case:

> In a judicial, administrative or similar proceeding, an arbitrator . . . is not competent to testify, and may not be required to produce records

>   as to any statement, conduct, decision or ruling occurring during the arbitral proceeding, to the same extent as a judge of a court of this State acting in a judicial capacity.

See Nev. Rev. Stat. § 38.229(4).

*Second*, arbitrator immunity applies to any information sought by the Subpoena that is conceivably relevant to UEC's claims of defenses. Arbitrator immunity extends to all "acts within [an arbitrator's] jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration hearings." *Wasyl, Inc.*, 813 F.2d at 1582. UEC presumably seeks discovery concerning Mr. Okada's conduct in the Arbitration to support its defense to the Indemnification Counterclaim. However, as reflected in the Seventh Circuit decision confirming the arbitration award, the Panel found Mr. Okada to be in default based on that very conduct. *Barlit Beck*, 25 F.4th at 521 (explaining that the Panel held Mr. Okada in default because, "less than 72 hours before the evidentiary hearing . . ., Okada informed the arbitrators that he would not be attending," initially citing "no reason for this sudden shift" and "announced that he was not authorizing his attorneys to participate in the arbitration, and he was canceling all witnesses, reservations, and services."). Therefore, any information that Ms. Welch could provide concerning Mr. Okada's conduct in the Arbitration "relate[s] to [Ms. Welch's] performance of duties as an arbitrat[or] and [is] protected." *Arlitz v. GEICO Casualty Co.*, Case No. 2:19-cv-00743, 2019 WL 8405354, at * 2 (D. Nev. Nov. 25, 2019) (granting motion under Fed. R. Civ. P. 45(d)(3)(A)(iii) to quash subpoena seeking documents relating to the arbitral deliberations because "the judicial deliberative process protects [the arbitrator's] deliberative process from discovery") (Albregts, MJ).

*Third*, the absolute litigation privilege applies to conduct that occurred during the litigation process and course of arbitration proceedings. *Searcy v. Esurance Insurance Co.*, 243 F.Supp.3d 1146, 1155 (D. Nev. Mar. 17, 2017) (acknowledging the litigation privilege under Nevada law). The California Supreme Court has expressly extended the litigation privilege to protect arbitrators in the exercise of their judicial functions in private arbitration. *Moore v. Conliffe*, 7 Cal.4th 634, 650(1994).

Moreover, there is no non-privileged testimony that Ms. Welch could provide because she has "had no dealings with the [Parties] except in h[er] capacity as arbitrator." *Sanzaro*, 2017 WL

6759613, at *2; *see also Reichman v. Creative Real Estate Consultants, Inc.*, 476 F. Supp. 1276, 1286 (S.D.N.Y. 1979) (granting a motion to quash a deposition subpoena served on an arbitrator because "'nothing that the arbitrator could conceivably say at his deposition would have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'") (quoting Fed. R. Evid. 401)).

Finally, no exceptions to arbitrator immunity apply. In *Sanzaro*, the Court recognized that there is an exception to arbitrator immunity in the case of "arbitrator misconduct." *Sanzaro*, 2017 WL 6759613, at *1, n. 3; *see also Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 702 (2d Cir. 1978) ("[A]ny questioning of arbitrators should be handled pursuant to judicial supervision and limited to situations where clear evidence of impropriety has been presented."). The Nevada statute establishes two exceptions to the rule barring discovery from an arbitrator—the rule does not apply: (a) "[t]o the extent necessary to determine the claim of an arbitrator, arbitral organization or representative of the arbitral organization against a party to the arbitral proceeding; or (b) [t]o a hearing on a motion to vacate an award[.]" Nev. Rev. Stat. § 38.229(4). UEC has not alleged that any of these exceptions apply.

### B. The Subpoena is Unduly Burdensome

The Court should also quash the Subpoena because it is unduly burdensome. Fed. R. Civ. P. 45(d)(3)(A)(iv). UEC can obtain the information it seeks from more direct sources. As set forth above, Mr. Okada's conduct in the Arbitration is described in the Seventh Circuit opinion confirming the award. *Barlit Beck*, 25 F.4th at 521. Moreover, as this Court has reasoned in analogous cases seeking discovery from an arbitrator, "to the extent that the arbitration decision is admissible, it will speak for itself." *Arlitz*, 2019 WL 8405354, *2; *see also Sanzaro*, 2017 WL 6759613, *2 (same).

### IV. CONCLUSION

The Court should quash UEC's subpoena under Rule 45(d)(3)(A)(iii) because it not only seeks information that is privileged, but the protection of which is essential to the sanctity of the arbitration process. The Court should quash the Subpoena under Fed. R. Civ. P. 45(d)(3)(A)(iv) on

/ / /

1  the additional grounds that it imposes an unjustifiable burden on Ms. Welch because the

2  information sought is available from more direct sources.

3

4  DATED:  December 22, 2022　　　　　　　OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

5

6

7  　　　　　　　　　　　　　　　　　　　　By:  /s/ Graham M. Helm
　　　　　　　　　　　　　　　　　　　　　　　GRAHAM M. HELM
8  　　　　　　　　　　　　　　　　　　　　　　Attorneys for Non-Party Dana Welch

9

10

11  　　　　　　　　　　　　　　　　　　　　　　　　　　　　54234742.v1-OGLETREE